UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GEOFFREY RICE and OPHELIA RICE,                              15-CV-3928 (WFK)(MDG)

                                    Plaintiffs,

                    -*against*-                              **AMENDED COMPLAINT**

THE CITY OF NEW YORK; THE NEW YORK CITY                      PLAINTIFF DEMANDS
POLICE DEPARTMENT; NYPD LT. DAVID                            <u>TRIAL BY JURY</u>
GOLDSTEIN; NYPD OFFICER DARRELL SHANNON;
NYPD OFFICER GLENDA HOLLOMAN; NYPD
OFFICER CHRISTOS DRAKAKIS; WILLOUGHBY
COURT APARTMENTS L.P.; SHINDA MANAGEMENT
CORPORATION; VANESSA PETERSON; KENNETH P.
MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT,
GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP;
GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.;
and, MOSES GINSBERG,

                                    Defendants.
-----------------------------------------------------------------X

        Plaintiffs, GEOFFREY RICE and OPHELIA RICE, by their attorney, PHILIP J.

DINHOFER, LLC, complaining of the defendants, respectfully sets forth as follows:

## <u>JURISDICTION</u>

        1.      This action arises under the United States Constitution, particularly the Fourth,

Sixth and Fourteenth Amendments, as well as the due process and equal protection clauses to the

Constitution of the United States, under federal law, particularly the Civil Rights Act, 42 United

States Code, Sections 1983 & 1985, and under the Constitution and Laws of the State and City

of New York.

        2.  This Court has jurisdiction of this cause.

## <u>THE PARTIES</u>

        3.      The plaintiffs, GEOFFREY RICE and OPHELIA RICE, are citizen of the County

of Kings and State of New York, residing at 800 Qunicy Street, Brooklyn, NY  11221.

        4.  The defendant, THE CITY OF NEW YORK, is a municipal corporation, duly

organized and existing under the laws of the State of New York.

5.  At all times mentioned herein, the defendant, THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, was and still is a governmental subdivision of the aforesaid municipal corporation and/or State, subject to the statutes, rules, laws and ordinances enacted thereof.

6.  At all time mentioned herein, the defendants, NYPD LT. DAVID GOLDSTEIN; NYPD OFFICER DARRELL SHANNON; NYPD OFFICER GLENDA HOLLOMAN; NYPD OFFICER CHRISTOS DRAKAKIS, were appointed, employed and all times herein acting under color of law in their official capacity as uniformed police officers of THE CITY OFNEW YORK and THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, and assigned to the 81st Precinct.

7.  At all times relevant herein, the defendant,  WILLOUGHBY COURT APARTMENTS L.P., was and still is a Delaware Limited Partnership, duly authorized and permitted to conduct business within the State of New York with an office situated at 721 Willoughby Ave, Brooklyn, New York 11206.

8.  At all times relevant herein, the defendant, WILLOUGHBY COURT APARTMENTS L.P., owned, operated, maintained, managed, leased and/or controlled the premises commonly known as 109 Marcus Garvey Blvd., Apt. 4D, Brooklyn, NY, 11206.

9.  At all times relevant herein, the defendant, SHINDA MANAGEMENT CORPORATION, is a domestic corporation, duly organized and existing under and pursuant to the laws of the State of New York with an office situated at 21702 Jamaica Ave., Jamaica, NY, 11428.

10.  At all times relevant herein, the defendant,  SHINDA MANAGEMENT CORPORATION , owned, operated, maintained, managed, leased and/or controlled the premises commonly known as 109 Marcus Garvey Blvd., Apt. 4D, Brooklyn, NY, 11206.

11.  At all times relevant herein, the defendant, VANESSA PETERSON, was employed by the defendants WILLOUGHBY COURT APARTMENTS L.P. and/or SHINDA MANAGEMENT CORPORATION.

12.   At all times relevant herein, the defendant, VANESSA PETERSON, maintained an office in the course of her employment at 721 Willoughby Ave, Brooklyn, New York 11206.

13.   At all times relevant herein, the defendant, VANESSA PETERSON, was employed as the managing agent for the premises commonly known as the Willoughby Court Apartments, and more particularly the premises commonly known as 109 Marcus Garvey Blvd., Apt. 4D, Brooklyn, NY, 11206.

13a.  At all times relevant herein, the defendants, KENNETH P. MINTZ, JESSE R. BAKER, NEIL D. SONNENFELDT and MOSES GINSBERG were, and still are, attorneys at law, duly licensed and admitted to practice law before the Courts of the State of New York, with an office situated at  813 Jericho Turnpike, New Hyde Park, New York, 11040.

13b.  At all times relevant herein, the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. was, and still is, a domestic professional corporation duly organized and existing under and pursuant to the laws of the State of New York with an office situated at 813 Jericho Turnpike, New Hyde Park, New York, 11040.

13c.  At all times relevant herein, the defendants, KENNETH P. MINTZ, JESSE R. BAKER and NEIL D. SONNENFELDT were, and still are, shareholders and/or partners in the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. .

13d.  On, prior and subsequent to April 1, 2014, and at all times relevant herein the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. employed the defendants KENNETH P. MINTZ, JESSE R. BAKER, NEIL D. SONNENFELDT and MOSES GINSBERG.

13e.  On, prior and subsequent to April 1, 2014, and at all times relevant herein the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. employed the defendants KENNETH P. MINTZ, JESSE R. BAKER, NEIL D. SONNENFELDT and MOSES GINSBERG as attorneys engaged in the practice of law in behalf of the said professional corporation.

13f.  On, prior and subsequent to April 1, 2014, and at all times relevant herein the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. held out defendants KENNETH P. MINTZ, JESSE R. BAKER and NEIL D. SONNENFELDT, as "senior partners" in the aforesaid professional corporation to members of the public at large.

13g.  At all times relevant herein, the defendants, KENNETH P. MINTZ, JESSE R. BAKER and NEIL D. SONNENFELDT were shareholders in the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C. .

13h.  On or about April 27, 2015 the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP was formed, and still remains, a domestic registered limited liability partnership duly organized and existing under and pursuant to the laws of the State of New York with an office situated at 813 Jericho Turnpike, New Hyde Park, New York, 11040.

13i.  The defendants, KENNETH P. MINTZ, JESSE R. BAKER and NEIL D. SONNENFELDT are partners in the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP.

13j.  The Defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP is the successor in interest to the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C..

13k.  The defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP is the successor in interest to the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C., and as such the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, LLP assumed responsibility for the assets, liabilities, receivables, debts, etc. of its predecessor in interest, the defendant GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C..

13l.  On, prior and subsequent to April 1, 2014, and at all times relevant herein the defendants GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and MOSES GINSBERG held themselves out to members of the public at large, and more particularly to the defendants WILLOUGHBY

COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, as a law office and as attorneys and counselors at law, duly qualified, skilled and competent to practice law in the State of New York.

13m.  On, prior and subsequent to April 1, 2014, and at all times relevant herein the defendants WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, engaged the professional legal services of the defendants GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and MOSES GINSBERG.

13n.  On, prior and subsequent to April 1, 2014, and at all times relevant herein the defendants WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, engaged the professional legal services of the defendants GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and MOSES GINSBERG, for purposes of representing them in a lawsuit that was to be brought against the plaintiffs, either individually or jointly.

13o.  The ostensible purpose of the said lawsuit to be filed by the defendants GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and MOSES GINSBERG was to obtain an Order from the Housing Court of the City of New York that would permit the defendants WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, and/or their agents, servants, employees or contractors, entry into the apartment and/or residence of the plaintiffs' situated at 109 Marcus Garvey Blvd., Apt. D4, Brooklyn, NY, 11206.

## NOTICE OF CLAIM

14.     On or about June 19, 2014 and within 90 days after the claim sued upon herein arose, plaintiffs caused a notice of claim in writing, sworn to by claimant, to be served upon the

defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT for adjustment within the time prescribed, and the defendants have failed, neglected, and refused to pay said claim or make adjustment of the same.

15.     That on or about January 6, 2015, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT caused and required the plaintiffs to appear and submit to an examination pursuant to section 50-H of the general Municipal Law.

16.      That more than 30 days have elapsed since service of a notice of claim upon THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT and said defendants have failed, neglected and/or refused to pay or adjust the same.

17.     This action is commenced within one year and ninety days of the date of the alleged incident.

### AS AND FOR A FIRST CAUSE OF ACTION
### PURSUANT TO 42 U.S.C. §§ 1983 & 1985 AND
### THE CONSTITUTION OF THE UNITED STATES

18.  On or about March 6, 2014, the defendant, WILLOUGHBY COURT APARTMENTS L.P., filed a motion before Housing Part O, Room 505 in the Civil Court of the City of New York, Kings County, under Index Number 097715/2012, whereby the said defendant sought an Order permitting the access and entry into plaintiff's residence situated at the premises commonly known as 109 Marcus Garvey Blvd., Apt. 4D, Brooklyn, NY, 11206, for the ostensible purpose of performing certain HVAC work therein.  Plaintiffs appeared by counsel and opposed that motion.

19.  By Decision/Order dated March 14, 2014 the Hon. Gary F. Marton, Judge, Housing Part, denied that motion.

20.  On or about April 1, 2014 and without any prior notice or any semblance of due process being afforded to the plaintiffs, the defendants, WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, by their attorneys, the defendants GUTMAN, MINTZ, BAKER &

SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and/or MOSES GINSBERG, caused an Order to Show Cause and a Verified Petition to be filed under Index Number 6233/2014 in Housing Part B, Room 409, of the Civil Court of the City of New York, Kings County, seeking as its ultimate relief an Order granting a preliminary injunction that permits the defendants WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, and/or their agents, servants, employees or contractors, access and entry into plaintiff's residence situated at the premises commonly known as 109 Marcus Garvey Blvd., Apt. 4D, Brooklyn, NY, 11206, for the purpose of performing certain HVAC work therein.

21.  The Order to Show Cause for a Preliminary Injunction crafted and presented to a Judge of the said Housing Court of the City of New York for purposes of inappropriately, wrongfully and unlawfully importuning said Court to act thereon by its signing, that was effected by the defendants WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, by their attorneys, the defendants GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and/or MOSES GINSBERG, wrongfully, impermissibly and unlawfully contained a provision for temporary restraining order that granted the defendants WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, and/or their agents, servants, employees or contractors, the identical, but more immediate relief as was requested as its ultimate relief by its underlying application for a preliminary injunction, notwithstanding that their supporting papers contained no application for a temporary restraining order and were therefore made in violation of CPLR § 6301 and 22 NYADC § 202.7(f)  and in violation of plaintiff's due process rights, without the said Housing Court of the City of New York ever having obtained jurisdiction over the plaintiffs, without notice to plaintiffs, without permitting plaintiffs an opportunity to be heard on the matter of the said temporary restraining order, without the defendant's posting of any bond or security,

nor did said defendant's underlying papers contain any affidavit by an individual with personal knowledge such that they were able to detail any emergency or exigent circumstances in support thereof and in justification for the drastic remedy of a temporary restraining order, no less that there will be significant prejudice to the party seeking the restraining order by the giving of notice, nor did it demonstrate that a good faith effort had been made to notify the party against whom the temporary restraining order is sought, the plaintiffs, of the time, date and place that the application will be made in a manner sufficient to permit the plaintiffs' an opportunity to appear in response to the application.

22.    As a result of the papers filed by the defendants, WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, by their attorneys, the defendants GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and/or MOSES GINSBERG, which importuned the Housing Court to act, on April 2, 2014 the Hon. Marina Cora Mundy, Judge, Housing Court, signed the Order to Show Cause as tendered by the aforementioned defendants, inclusive of its temporary restraining order, without conducting any kind of hearing as required by CPLR § 6301 and without the supporting documentation required by CPLR § 6301 or 22 NYADC § 202.7(f) which would permit the said Court to forego the necessity of a hearing prior to the issuance of a temporary restraining order. Said Order to Show Cause as signed by said Judge required defendant, WILLOUGHBY COURT APARTMENTS L.P., to serve a copy of the Order by the self-limiting and exclusive means of first class mail with certificate of mailing or by certified mail, on or before April 4, 2014.  Proof of compliance with these terms of service was never filed with that Court.

23.    On or about April 4, 2014, at all times relevant herein and before the plaintiffs ever had notice (or were in receipt) of the said Order to Show Cause, the defendant, VANESSA PETERSON, was present and/or working at, near, in or about the premises commonly known as 109 Marcus Garvey Blvd., Apt. 4D, Brooklyn, NY, 11206.

24.  On or about April 4, 2014 and at all times relevant herein, the defendant, VANESSA PETERSON, and/or her principals, the defendants, WILLOUGHBY COURT APARTMENTS L.P. and/or SHINDA MANAGEMENT CORPORATION, and or by the defendant attorneys, and/or any or all of their agents, servants, contractors, or employees, contacted, called, summoned or otherwise caused certain construction, HVAC, or other such workers to be present at, near, in or about the premises commonly known as 109 Marcus Garvey Blvd., Apt. 4D, Brooklyn, NY, 11206 for purposes of doing construction, HVAC or other such work within or about the said premises of the plaintiffs.

25.  On or about April 4, 2014, at all times relevant herein and without ever waiting for at the least the full extent of the notice provision directed by the Court within the Order to Show Cause that they wrongfully obtained, the defendant, VANESSA PETERSON, and/or her principals, the defendants, WILLOUGHBY COURT APARTMENTS L.P. and/or SHINDA MANAGEMENT CORPORATION, and/or at the instruction of or by the acts of the defendant attorneys, and/or any or all of their agents, servants, contractors or employees, contacted, called, summoned, importuned or otherwise caused the defendants NYPD LT. DAVID GOLDSTEIN; NYPD OFFICER DARRELL SHANNON; NYPD OFFICER GLENDA HOLLOMAN; NYPD OFFICER CHRISTOS DRAKAKIS, as uniformed police officers of the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, to be present at, near, in or about the premises commonly known as 109 Marcus Garvey Blvd., Apt. 4D, Brooklyn, NY, 11206, for purposes of enforcing the said temporary restraining order and/or to facilitate and/or cause the unlawful and/or forced entry therein by themselfs and/or by the aforementioned construction, HVAC, or other such workers or persons.

26.  On April 4, 2014 while the plaintiffs, GEOFFREY RICE and OPHELIA RICE, were lawfully and peacefully within their residence then situated at 109 Marcus Garvey Blvd., Apt.

D4, Brooklyn, NY, 11206, the individually named defendants, NYPD LT. DAVID

GOLDSTEIN; NYPD OFFICER DARRELL SHANNON; NYPD OFFICER GLENDA

HOLLOMAN; NYPD OFFICER CHRISTOS DRAKAKIS, all of whom were at all times acting

under color of law, were armed and wearing the official uniform, badge and insignia of the

defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE

DEPARTMENT, did without warrant, probable cause or exigent circumstance, and at the behest,

solicitation and/or importunement of the presumed landowner, the defendant, WILLOUGHBY

COURT APARTMENTS L.P. and/or their agents the defendants, SHINDA MANAGEMENT

CORPORATION and/or VANESSA PETERSON, and/or the defendant attorneys did conspire to

cause and permit and did actually cause and permit the false arrest, wrongful detention, assault,

wrongful entry, constructive eviction and the unlawful seizure of the person and property of the

plaintiffs, GEOFFREY RICE and OPHELIA RICE, by causing and allowing a wholly

unnecessary but nonetheless excessive and overwhelming police presence, the omnipresent use

of excessive force by means of the violent and physically lethal gunpoint threats, verbal threats

of shooting and verbal threats of imprisonment, and over the protests of the plaintiffs, the said

defendants did forcibly and unlawfully allow and permit the unlawful invasion of the

aforementioned construction, HVAC, or other such contractor workers into the residence of the

claimants at 109 Marcus Garvey Blvd, Apt. D4, Brooklyn, NY, 11206 for the purpose of

performing certain construction, HVAC or other such work therein against the expressed will

and stated desires of the plaintiffs who were at all times the lawful occupants and residents in

custody and control of the said premises.

27. The defendant, NYPD LT. DAVID GOLDSTEIN, did without just cause un-holster

his handgun and point it at the plaintiffs and their dog, who was lying down on a couch at the

time, and hold said un-holstered firearm pointed at the plaintiffs face, head, torso and body for

sometime, thereby causing them to be and remain in tremendously grave fear for their physical safety, well being and for their very lives while all the other aforementioned Constitutional violations of the rights and liberties of the plaintiffs were taking place within the confines of their residence.

28.  At the time when he unlawfully entered and seized the plaintiffs and their residence, the defendant, NYPD LT. DAVID GOLDSTEIN, did falsely assert that he was in possession of a warrant permitting him entry into the plaintiff's residence and that said warrant did permit and allow the entry of said construction workers into the plaintiff's residence, however, at the persistent and repeated request of the plaintiff's, the defendant, NYPD LT. DAVID GOLDSTEIN was unable to produce the said warrant as no such warrant ever existed.

29.  Instead, on April 4, 2014, the defendant, NYPD LT. DAVID GOLDSTEIN, produced and handed to the plaintiffs a copy of what purports to be the aforementioned Order To Show Cause, allegedly signed by the Hon. Marina Cora Mundy on April 2, 2014 in the civil landlord/tenant Housing Court matter that was pending.

30.  To that point when they were handed a copy of the aforementioned Order To Show Cause by the defendant, NYPD LT. DAVID GOLDSTEIN, the plaintiff's were unaware and without any notice or knowledge whatsoever of that Order's existence or the fact that said order's underlying civil proceedings had been commenced against them.

31.  The copy of the Order To Show Cause tendered by the defendant NYPD LT. DAVID GOLDSTEIN, to the plaintiffs was not a warrant, nor did it direct that any action be lawfully taken by the defendant police officers, police department, or city with regard to its enforcement.

32.  The copy of the Order To Show Cause tendered by the defendant NYPD LT. DAVID GOLDSTEIN, was unfit for use by the defendant NYPD LT. DAVID GOLDSTEIN as it bore no Index Number on its face, which would have provided anyone, no less the police or plaintiffs, with notice of the proper proceeding in which to approach the issuing court, to inquire, ask

questions, appear and/or oppose had the document been served in a timely manner before the defendants availed themselves of an illegal and unlawful self-help remedy by means of fraud and deception, which these defendants undertook contemporaneously with the unauthorized hand delivery of an invalid copy of the said order to show cause and its temporary restraining order after the fact of their illegal and unlawful entry into the plaintiff's residence.

33.  The copy of the Order To Show Cause tendered by the defendant NYPD LT. DAVID GOLDSTEIN, to the plaintiffs bore no official indication that it was a lawfully proper and binding legal document, no less one that a police officer of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT should ever act upon.

34.  The copy of the Order To Show Cause tendered by the defendant NYPD LT. DAVID GOLDSTEIN, to the plaintiffs bore no direction to the defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, or any of the individually named NYPD Police Officer defendants, to take any action whatsoever with regard to its enforcement.

35.  The copy of the Order To Show Cause tendered by the defendant NYPD LT. DAVID GOLDSTEIN, was in all respects lawfully invalid for purposes of enforcement by  the defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, or any of the individually named NYPD Police Officer defendants .

36.  The copy of the Order To Show Cause tendered by the defendant NYPD LT. DAVID GOLDSTEIN, was the product of civil litigation relating to a landlord/tenant matter and therefore its legal effect, if any, was beyond the jurisdiction and scope of the defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, or any of the individually named NYPD Police Officer defendants for purposes of its enforcement, no less in the manner by which it was forcibly enforced by them on April 4, 2014 at violent gunpoint, under threat of shooting and under threat of arrest.

37.  Enforcement by the defendants of the copy of the Order To Show Cause tendered by the defendant  NYPD LT. DAVID GOLDSTEIN, to the plaintiffs, on April 4, 2014 in the manner by which it was actually enforced was without any lawful authority or otherwise in violation of all policies, protocols and procedures set in place and in force and effect on that date by the said defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

38.  The plaintiffs were unlawfully detained within their own residence by the defendants and held against their will at forcibly violent gunpoint and/or the threat of gunpoint for many hours, where they were in plain view of all persons thereat, inclusive of but not limited to family and neighbors, all of whom were aware of the then ongoing police activity therein, all to their embarrassment, shame, degradation and humiliation.

39.  Without any warrant or probable cause therefore the defendants, individually and/or in concert with each other importuned, conspired and caused the plaintiffs to be falsely arrested, wrongfully detained, violently assaulted at gunpoint, subjected to excessive force, constructively evicted and the unlawfully seized of their person and property by violence and force.  The entire process was conducted in a verbally and emotionally violent and abusive manner during the course of which defendants, with deliberate indifference to the rights and well being of the plaintiffs, physically, emotionally and verbally assaulted, battered and abused the plaintiffs in plain view of all persons thereat; and Defendants forcibly held plaintiffs in their custody and restrained them of their liberty in so deliberately indifferent and abusive a manner such that plaintiffs suffered from emotional distress, shame, degradation and humiliation.

40.  That as a result of the conduct of the defendants, the plaintiffs, GEOFFREY RICE and OPHELIA RICE were caused to sustain severe injuries, pain and suffering, fear of imminently violent grave bodily harm injury and death, emotional upset and distress, loss of reputation, loss of the quiet enjoyment of their residence, constructive eviction from their

residence, defamation of character, shame, degradation, humiliation and mental anguish in their public and private lives, loss of liberty, deprivation of freedom, denial of due process of the law, denial of equal protection of the law, and deprivation of their civil rights as secured by the Constitutions of the United States, the State and City of New York.

41.   The conduct of the defendants deprived the plaintiffs of the following rights, privileges and immunities secured to them by the Constitution of the United States:

a.   The right of plaintiffs to be secure in their home, person and effects against unreasonable search, seizure and arrest under the Fourth and Fourteenth Amendments to the Constitution of the United States;

b.   The right of plaintiffs to be informed of the nature and cause of the accusation against them and to the assistance of legal counsel, secured to them under the Sixth and Fourteenth Amendments to the Constitution of the United States;

c.   The right of plaintiffs not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States;

d.   The right to be and remain free from the deliberately indifferent public and private humiliation inflicted upon him by the defendants and free from their excessive use of force, physically assaultive misconduct at gunpoint, verbal and emotionally abusive, cruel, inhuman and unusual punishment, secured by the due process clause of the Fourteenth Amendments to the Constitution of the United States.

e.   The right to be kept free from the unwarranted verbal and emotional abuse and verbally assaultive misconduct of the defendant police officers, including the defendants NYPD LT. DAVID GOLDSTEIN;  NYPD OFFICER DARRELL SHANNON; NYPD OFFICER GLENDA HOLLOMAN; and/or NYPD OFFICER CHRISTOS DRAKAKIS.

f.  The right to be kept free from the excessive use of force, violent assault at gunpoint, threats of being shot and/or arrested, constrictive eviction, and security in their residence and personal possessions.

g.  The right to be kept free from false arrest and wrongful detention by defendants.

h.  The right to be protected by a safe and/or properly trained police department and police officers that are properly supervised and trained by its employer, the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, and especially with regard to the use of firearms, its interactions with members of the public and in the execution of said defendants' policies, protocols and procedures.

i.  The right to be kept free from the unconstitutional and unlawful importunement of the Courts, municipality and police for the conspiratorial constructive eviction from their home by the duly appointed representative of their government, including the municipal defendants herein, acting in concert with and at the importuning of all the private defendants & corporations sued herein.

j.  The right to be protected from the unlawful acts of private persons and/or corporations, such as the defendants, WILLOUGHBY COURT APARTMENTS L.P. , SHINDA MANAGEMENT CORPORATION, VANESSA PETERSON, GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and/or MOSES GINSBERG, who importuned and/or acted in concert and/or conspiracy with THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, their agents, servants, employees and/or police officers, including the individually named NYPD Police Officers sued herein, to deprive the plaintiffs of their lawful civil rights as secured by the Constitution and laws of the United States, State of New York and City of New York.

42.  As a result of the foregoing acts of the defendants, the plaintiff, GEOFFREY RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

43.   As a result of the foregoing acts of the defendants, the plaintiff, OPHELIA RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

44.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the Civil and Constitutional rights or well being of the plaintiff or without regard to his basic human dignity, by reason of which the plaintiff, GEOFFREY RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

45.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the Civil and Constitutional rights or well being of the plaintiff or without regard to her basic human dignity, by reason of which the plaintiff, OPHELIA RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

45a.  By reason of the foregoing, Plaintiffs' are entitled to an award of their reasonable attorneys fees incurred in the prosecution of this lawsuit.

## AS AND FOR A SECOND CAUSE OF ACTION
## STATE LAW NEGLIGENCE

46.   The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 45 of this complaint, inclusive, with the same force and effect as if more fully set forth at length herein.

47.   That the said violation of civil and constitutional rights, deprivation of due process of the law, false arrest, wrongful detention, gunpoint assault, unlawful constructive eviction, assault at gunpoint, physical and verbal abuse, defamation, humiliation, negligent and intentional infliction of emotional distress and resulting injury to the plaintiff was caused solely by reason of the negligence, carelessness and recklessness of the defendants, their agents, servants and employees in the performance of their duties; in failing to abide by the provisions

of CPLR § 6301 or 22 NYADC § 202.7(f); in failing to provide plaintiffs with any notice of the

aforementioned proceedings brought before the Housing Court of the City of New York under

Index Number 6233/2014; in wrongfully depriving plaintiffs' of their right to due process of the

law and equal protection of the law; in wrongfully deceiving the Housing Court of the City of

New York; in failing to fully and properly investigate the facts and circumstances underlying the

alleged events which served the predicate for their arrest of the plaintiffs, in failing to exercise

due care and diligence; in failing to accept and/or listen to the plaintiffs or to the plaintiffs'

rendition of events; in failing to follow established rules, regulations and procedures; in

wrongfully arresting and detaining the plaintiffs; in the use of excessive force; in holding

plaintiffs within their residence at violent gunpoint; in constructively evicting the plaintiff's from

their residence without warrant of just cause; in wrongfully and forcibly permitting construction,

HVAC, and other such workers into the plaintiff's residence without plaintiff's permission or

consent; in failing to take heed of the circumstances then and there prevailing; in conducting the

aforesaid arrest and detention of plaintiffs in a deliberately indifferent and emotionally abusive

manner; in humiliating and embarrassing the plaintiffs before the public generally; in failing to

advise the plaintiffs of the reason for their arrest or the nature of the charges being brought

against them; in denying the plaintiffs the due process of law; in denying the plaintiffs the equal

protection of the law; in misrepresenting to plaintiff the fact and circumstances regarding the

issuance of a warrant; in obtaining a preliminary injunction without notice, due process, or the

posting of a bond; in acting in concert and conspiracy with each other so as to deprive plaintiffs

of their lawful, civil and constitutional rights and liberties; in subjecting the plaintiffs to cruel,

inhuman and unusual punishment; in that the defendant failed to take proper precautions to

prevent these occurrences; in failing to provide the plaintiffs with safe and or properly trained

police employees; in failing to train its police officers with regard to the use of firearms, its

interactions with members of the public and in the execution of its policies, protocols and

procedures; in failing to properly supervise its police employees; in wrongfully engaging the services of the municipal defendants in the execution of a purported civil matter; in physically, verbally and emotionally abusing the plaintiffs; in that the defendant and its employees were negligent in the operation of their police business; in wrongfully conspiring amongst all defendants in such a manner as to deprive plaintiffs of their constitutional and civil rights in violation of the laws to the United States, the State of New York and the City of New York; that defendants and their employees failed to take proper precautions to prevent the happening of the incident; in failing to protect the civil and constitutional rights, physical and emotional well being of the plaintiffs prior to the happening of these events; in treating the plaintiffs with deliberate indifference to their emotional well being despite their pleas, obvious distress and complaints; in failing to promulgate and enforce proper and safe rules and procedures; in that employees of the defendants failed to take proper precautions to prevent the injuries sustained by the plaintiffs; in failing to protect the plaintiffs from the abusive behavior of defendants agents, servants and/or employees and the defendants were all otherwise generally negligent under the circumstances.

48.     As a result of defendant's agents, servants and/or employees conduct, the plaintiffs, GEOFFREY RICE and OPHELIA RICE, were severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, have become sick, sore, lame and disabled and upon information and belief will be permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

49.     As a result of all the foregoing acts of the defendants, the plaintiffs, GEOFFREY RICE and OPHELIA RICE, were greatly humiliated and subjected to extremely severe mental and bodily distress.

50.  As a result of the foregoing acts of the defendants, the plaintiff, GEOFFREY RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

51.  As a result of the foregoing acts of the defendants, the plaintiff, OPHELIA RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

52.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the Civil and Constitutional rights or well being of the plaintiff or without regard to his basic human dignity, by reason of which the plaintiff, GEOFFREY RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

53.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the Civil and Constitutional rights or well being of the plaintiff or without regard to her basic human dignity, by reason of which the plaintiff, OPHELIA RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## PURSUANT TO NEW YORK EXECUTIVE LAW § 290, ET SEQ.

54.  The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 53, inclusive, with the same force and effect as if more fully set forth at length herein.

55.  The actions of defendants, complained of herein amounted to unlawful discriminatory practices against the  plaintiff, in violation of New York Executive Law Section 290, et seq..

56.  That by reason of the premises, the  plaintiffs, GEOFFREY RICE and OPHELIA RICE, were severely and seriously injured, suffered and will continue to suffer in the future, pain and injury, has become sick, sore, lame and disabled and upon information and belief will be

permanently injured, has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

57.  As a result of the foregoing acts of the defendants, the plaintiff, GEOFFREY RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

58.  As a result of the foregoing acts of the defendants, the plaintiff, OPHELIA RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

59.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the Civil and Constitutional rights of the plaintiff or without regard to his basic human dignity, by reason of which the plaintiff, GEOFFREY RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

60.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the Civil and Constitutional rights of the plaintiff or without regard to her basic human dignity, by reason of which the plaintiff, OPHELIA RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO THE NEW YORK CITY HUMAN RIGHTS LAW, ADC § 8-101, ET SEQ.

61.  The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 60, inclusive, with the same force and effect as if more fully set forth at length herein.

62.  The actions of defendants, complained of herein amounted to unlawful discriminatory practices against the plaintiff, in violation of New York City Human Rights Law, Administrative Code of New York, Section 8-101, et seq..

63.  That by reason of the premises set forth in this complaint the plaintiffs, GEOFFREY RICE and OPHELIA RICE, were severely and seriously physically and psychologically injured and as a result suffered pain, humiliation, lasting embarrassment, anxiety, mental anguish and

will continue to suffer in the future, pain and injury; plaintiff has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

64. As a result of the foregoing acts of the defendants, the plaintiff, GEOFFREY RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

65.     As a result of the foregoing acts of the defendants, the plaintiff, OPHELIA RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

66. The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the Civil and Constitutional rights of the plaintiff or without regard to his basic human dignity, by reason of which the plaintiff, GEOFFREY RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

67. The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the Civil and Constitutional rights of the plaintiff or without regard to her basic human dignity, by reason of which the plaintiff, OPHELIA RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### PURSUANT TO STATE LAW FOR ASSAULT

68. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 67, inclusive, with the same force and effect as if more fully set forth at length herein.

69. The defendant, NYPD LT. DAVID GOLDSTEIN, did willfully and intentionally assault the plaintiffs, GEOFFREY RICE and OPHELIA RICE, at violent gunpoint along with contemporaneously made and explicitly stated verbal threats that he would shoot them, thereby placing plaintiffs in extreme fear of imminent bodily harm, grievous injury and/or death.

70. That by reason of the premises set forth in this complaint the plaintiffs, GEOFFREY RICE and OPHELIA RICE, were severely and seriously physically and psychologically injured and

as a result suffered pain, humiliation, lasting embarrassment, anxiety, mental anguish and will continue to suffer in the future, pain and injury; plaintiff has incurred economic loss and special damages and upon information and belief will incur such losses in the future.

71.  As a result of the foregoing acts of the defendants, the plaintiff, GEOFFREY RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

72.     As a result of the foregoing acts of the defendants, the plaintiff, OPHELIA RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

73.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the rights and well being of the plaintiff or without regard to his basic human dignity, by reason of which the plaintiff, GEOFFREY RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

74.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the rights and well being of the plaintiff or without regard to her basic human dignity, by reason of which the plaintiff, OPHELIA RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## PURSUANT TO STATE LAW FOR FALSE ARREST

75.  The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 74, inclusive, with the same force and effect as if more fully set forth at length herein.

76.  On April 4, 2014, the defendants, individually and/or in concert with each other, arrested the plaintiffs, held them in custody at violent gunpoint within their own residence and restrained their liberty in a manner that was unlawful and abusive.  This arrest was unlawful, in that no crime had been committed and in that there was no reason or cause for belief that plaintiffs had committed

any crime.  In so doing all the acts and things aforesaid defendants, acted willfully, maliciously and with a depraved indifference to the rights and well being of the plaintiffs.

77.     Because of this arrest and wrongful detention at gunpoint of plaintiffs by the defendants, plaintiffs were subjected to great indignity and humiliation, pain, distress of mind and body, were prevented from attending to their usual business and were injured in their good name and reputation in the community.

78.  As a result of the foregoing acts of the defendants, the plaintiff, GEOFFREY RICE,  was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

79.     As a result of the foregoing acts of the defendants, the plaintiff, OPHELIA RICE, was damaged thereby in the sum of TEN MILLION ($10,000,000) DOLLARS.

80.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the rights and well being of the plaintiff or without regard to his basic human dignity, by reason of which the plaintiff, GEOFFREY RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

81.  The acts, conduct and behavior of the defendants, individually and/or in concert with each other, were performed knowingly, intentionally, maliciously and with a depraved indifference to the rights and well being of the plaintiff or without regard to her basic human dignity, by reason of which the plaintiff, OPHELIA RICE, is entitled to an award of punitive damages in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## PURSUANT TO STATE LAW FOR LOSS OF SERVICES

82.  The plaintiff, GEOFFREY RICE, repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 81 of this Complaint, inclusive, as though set forth at length herein.

83.  The plaintiff, OPHELIA RICE, is the wife of the plaintiff, GEOFFREY RICE.

84.  In consequence of defendant's aforementioned culpable conduct, the plaintiff's wife was severely and permanently injured and plaintiff has necessarily expended large sums of money for

medical services, medicines and otherwise, in endeavoring to cure his wife of her injuries, and will hereafter necessarily expend large sums of money for her further necessary medical treatment and the plaintiff has been deprived of the services and consortium of his wife and plaintiff is informed and believes that such deprivation and impairment will continue for a long time to come.

85. That the plaintiff, GEOFFREY RICE, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## PURSUANT TO STATE LAW FOR LOSS OF SERVICES

86. The plaintiff, OPHELIA RICE, repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 85 of this Complaint, inclusive, as though set forth at length herein.

87. The plaintiff, GEOFFREY RICE, is the husband of the plaintiff, OPHELIA RICE.

88. In consequence of defendant's aforementioned culpable conduct, the plaintiff's husband was severely and permanently injured and plaintiff has necessarily expended large sums of money for medical services, medicines and otherwise, in endeavoring to cure her husband of his injuries, and will hereafter necessarily expend large sums of money for his further necessary medical treatment and the plaintiff has been deprived of the services and consortium of her husbanc and plaintiff is informed and believes that such deprivation and impairment will continue for a long time to come.

89. That the plaintiff, OPHELIA RICE, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A NINTH CAUSE OF ACTION
## PURSUANT TO JUDICIARY LAW § 487

90. The plaintiff repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 89 of this Complaint, inclusive, as though set forth at length herein.

91. Judiciary Law § 487 provides in pertinent part:

An attorney or counselor who:

(1) Is guilty of any deceit or collusion, consents to any deceit or collusion, with intent to deceive the court, or any party;

* * *

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

92.   Upon information and belief, the defendants GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.; KENNETH P. MINTZ; JESSE R. BAKER; NEIL D. SONNENFELDT and/or MOSES GINSBERG have engaged in a course of conduct to deceive and to defraud the Court and plaintiffs by being less than truthful and nefarious in accomplishing their own end to the prejudice of the plaintiffs.

93.   That as a part of that scheme and course of conduct designed to inappropriately, wrongfully and unlawfully importune judicial, municipal and police action and to deceive the Housing Court of the City of New York the said defendants who are all skilled and knowledgeable attorneys  purposefully failed to comply with the provisions of CPLR § 6301 and 22 NYADC § 202.7(f); failed to disclose to the Housing Court of the City of New York that the temporary restraining order that they presented for that Court's signing was not in compliance with the specifically detailed requirements of CPLR § 6301 and 22 NYADC § 202.7(f); failed to disclose to the said Court that they had not obtained jurisdiction over the plaintiffs, failed to disclose to the said Court that the plaintiffs were without notice of the ongoing proceedings, failed to disclose to the Court that plaintiffs were entitled to an opportunity to be heard on the matter of the said temporary restraining order, failed to disclose to the Court grounds upon which it could forego requiring their client's posting of any bond or security, nor did said defendant attorney's underlying papers disclose to that Court that they failed to contain any affidavit by an individual with personal knowledge such that they were able to detail any emergency or exigent circumstances in support thereof and in justification for the drastic remedy of a temporary restraining order, no less that there will be significant prejudice to the party seeking the restraining order by the giving of notice, nor did they demonstrate to the said Court that a good faith effort had been made to notify the party against

whom the temporary restraining order is sought, the plaintiffs, of the time, date and place that the application will be made in a manner sufficient to permit the plaintiffs' an opportunity to appear in response to the application; and as a consequence thereby the defendant attorneys's filed a pre-textual non-meritorious lawsuit, Verified Petition and Order to Show Cause before the Housing Court of the City of New York.

94.   That as a part of that scheme and course of conduct designed to deceive the plaintiffs, who were at all times a "party" to the proceedings said attorneys caused to be filed against them, and to conceal the fact that they had defrauded the Housing Court of the City of New York as aforedescribed, the defendant attorney's did otherwise fraudulently act to deprive the plaintiffs of their lawful, civil and Constitutional rights to the due process and equal protection of the law, to be heard as to the merits of the matter underlying the issuance of as aforedescribed temporary restraining order, and to otherwise respond in opposition thereto in a timely, seasonable and meaningful manner, and as a consequence thereby the defendant attorneys's filed a pre-textual non-meritorious lawsuit, Verified Petition and Order to Show Cause before the Housing Court of the City of New York, obtained a wrongful, inappropriate and unlawful Order from the said Court under false pretenses, only to thereafter cause their clients, the defendants WILLOUGHBY COURT APARTMENTS L.P., SHINDA MANAGEMENT CORPORATION and/or VANESSA PETERSON, and the municipal defendants, THE CITY OF NEW YORK; THE NEW YORK CITY POLICE DEPARTMENT; NYPD LT. DAVID GOLDSTEIN; NYPD OFFICER DARRELL SHANNON; NYPD OFFICER GLENDA HOLLOMAN; NYPD OFFICER CHRISTOS DRAKAKIS, to act upon the said fraudulently procured Order to Show Cause, all to the plaintiffs' detriment, prejudice, and deprivation and loss of civil and Constitutional rights, emotional distress, injury and fear of immanent death, as more fully set forth at length herein and above.

95.   The defendant attorneys had been required as wrong-doing attorneys to promptly notify the plaintiffs (as "parties" to the action they commenced against them), their clients, and the

Housing Court of their fraudulent concealment of the foregoing improprieties, and to date, non-disclosure of the fact has occurred, continuead and been perpetuated by them.

96.   The defendant attorneys willfully deprived plaintiff of such knowledge of their own improprieties with a view towards their own gain.

97.   That pursuant to Judiciary Law § 487, defendant attorneys are in violation of said law and should forfeit treble damages to the plaintiff herein plus interest at the lawful rate applicable pursuant to the laws of the State of New York from the date of the said defendant attorneys first deceit.

98.   That defendant attorneys conducted an extreme pattern of legal deception so as to deprive plaintiff of his rights herein.

99.   That as a result of the defendants extreme, outrageous, deliberate, deceitful and fraudulent misconduct and wrong doing, the defendants are additionally liable to plaintiffs for Punitive Damages in a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff OPHELIA RICE.

WHEREFORE, plaintiffs demands judgment against the defendants, on the First Cause of Action in a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of  TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff OPHELIA RICE along with Punitive Damages in a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff OPHELIA RICE; on the Second Cause of Action in a sum in of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of  TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff OPHELIA RICE along with Punitive Damages in a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum  of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff OPHELIA RICE; on the Third Cause of Action in a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff

GEOFFREY RICE, and a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff OPHELIA RICE along with Punitive Damages in a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff OPHELIA RICE; on the Fourth Cause of Action in a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff OPHELIA RICE along with Punitive Damages in a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff OPHELIA RICE; on the Fifth Cause of Action in a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff OPHELIA RICE along with Punitive Damages in a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff OPHELIA RICE; on the Sixth Cause of Action in a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of TEN MILLION ($10,000,000.00) DOLLARS for the plaintiff OPHELIA RICE along with Punitive Damages in a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff OPHELIA RICE; on the Seventh Cause of Action in a sum of ONE MILLION ($1,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE; and on the Eighth Cause of Action in a sum of ONE MILLION ($1,000,000.00) DOLLARS for the plaintiff OPHELIA RICE; and on the Ninth Cause of Action pursuant to Judiciary Law § 487, directing the defendant attorneys to forfeit to plaintiff treble damages herein, and also directing imposition of Punitive Damages in a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff GEOFFREY RICE, and a sum of FIFTY MILLION ($50,000,000.00) DOLLARS for the plaintiff OPHELIA RICE, all with interest at the applicable rate authorized by the Laws of the State of New York from the date of the defendants first

deceit as well as the costs, disbursements and reasonable attorneys fees incurred as a result of this

action.

Dated:  Rockville Centre, New York
        December 24, 2015

*Philip J. Dinhofer*

By: Philip J. Dinhofer, #6940
**PHILIP J. DINHOFER, LLC**
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500
E-Mail: PJDLLC2806@YAHOO.COM